AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2020

SEAN F. McAVOY, CLERK

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| ANGELICA VIVIANA SANCHEZ | ) Case No. 4:20-CR-06002-SAB-2 |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:
  - ☑ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
  - ☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
  - ☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
  - ☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
  - ☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  - ☑ Weight of evidence against the defendant is strong
  - ☑ Subject to lengthy period of incarceration if convicted
  - ☐ Prior criminal history
  - ☐ Participation in criminal activity while on probation, parole, or supervision
  - ☐ History of violence or use of weapons
  - ☑ History of alcohol or substance abuse
  - ☑ Lack of stable employment
  - ☐ Lack of stable residence
  - ☐ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☒ Lack of legal status in the United States
- ☒ Subject to removal or deportation after serving any period of incarceration
- ☒ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant is charged with conspiracy to possess with intent to distribute methamphetamine and fentanyl. The United States proffered that when her boyfriend/co-defendant was subject to a traffic stop, narcotics, cash, and three firearms (two of which were stolen) were located in the vehicle, and that her co-defendant was consequently arrested. It was proffered that Defendant was subject to a separate traffic stop; that she was released thereafter; that Defendant was later observed collecting drug debts and selling narcotics in an effort to bail her co-defendant out of jail; and that a search warrant for her motel room revealed methamphetamine, heroin, fentanyl, three pistol magazines and ammunition, two firearms, and other indicia of drug-trafficking. The nature and circumstances of the alleged offenses are serious, and the combination of firearms and narcotics is indicative of potential danger to the community if Defendant were to be released. Moreover, the allegations that, after co-defendant's arrest, Defendant was actively attempting to sell drugs suggests that she would not be deterred from criminal activity by court conditions and is indicative of a risk of nonappearance.

The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. Based on the United States' proffer, which included evidence seized from the execution of a search warrant, there is sufficient weight to the case to give the Court concern as to dangerousness and risk of nonappearance. Moreover, if Defendant were to be convicted, these offenses would result in her deportation due to her lack of status in the United States and the inability to seek legal status in the future. Given that the weight of the evidence is strong (although the least important of the factors), coupled with the mandatory minimum sentence and the immigration consequences if convicted, such factors provide a substantial incentive to fail to appear for future court proceedings.

Defendant is 27 years old, was born in Michoacán, Mexico, and is a Mexican citizen. She was brought to the United States when she was ten years old and has resided continuously in this District and/or the Portland area for ten years. Her parents, brother, five-year-old daughter, and two of her sisters reside in the District; she has one sister residing in New Jersey. She has some distant relatives who reside in Mexico, but otherwise has little contacts there. Nonetheless, the Court notes that both Defendant and her significant other/co-defendant lack legal status in the United States and that, due to the adverse immigration consequences that would flow from a conviction, along with the allegations that she was attempting to flee with her boyfriend/co-defendant, the risk of nonappearance is heightened. She has some employment history doing seasonal work but has been unemployed since November 2019. Defendant has a limited criminal history. However, the Court notes that in she has failed to appear eight times in the past six months on three various cases, giving the Court little assurance that she will continue to appear in this matter. On balance, the Court finds that the presumption of detention has not been rebutted.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 02/24/2020                                          /s Mary K. Dimke
                                                          United States Magistrate Judge