FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 25, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>ANGELICA VIVIANA SANCHEZ<br><br>                    Defendants. | NO. 4:20-CR-6002-SAB-2<br><br>**ORDER CONTINUING PRETRIAL HEARING AND TRIAL DATE** |

An Indictment in the above-captioned case was filed on January 7, 2020, ECF No. 1. Defendant and her co-Defendant Jose Maria Lopez Orduno were charged with one count of Conspiracy to Possess with Intent to Distribute 50 Grams of Actual (Pure) Methamphetamine, as well as individual criminal charges. Defendant was arraigned on February 20, 2020. The pretrial conference is set for April 15, 2020, and trial is set for April 27, 2020. ECF No. 51.

Co-Defendant Orduno was arraigned on January 10, 2020. ECF No. 31. He filed a motion to continue his trial, which was granted on February 4, 2020. He asserted that a continuance was necessary to allow him time to further review discovery and to prepare potential motions. ECF No. 36. The Court found good cause to grant the motion, and excluded the time from March 16, 2020, the original trial date, to July 13, 2020, the new trial. It found that the ends of justice served by such a continuance outweighed the public's and Defendant Orduno's interest in a speedy trial. *Id.*

//

**ORDER CONTINUING PRETRIAL CONFERENCE AND TRIAL DATES ~ 1**

1       On March 13, 2020, the United States filed a Notice of Joinder, asking the

2   Court to strike Defendant's pretrial conference and trial date and set them on the

3   same schedule as co-Defendant Orduno. ECF No. 52. Defendant filed a response,

4   objecting on Speedy Trial Act grounds, specifically 18 U.S.C. § 3161(c)(1), which

5   provides that Defendant has a right to have her trial commence within 70 days of

6   her arraignment. ECF No. 53.

7       18 U.S.C. § 3161(h) provides:

8       (h) The following periods of delay shall be excluded in computing the
9       time within which an information or an indictment must be filed, or in
        computing the time within which the trial of any such offense must
10      commence:
        (6) A reasonable period of delay when the defendant is joined for trial
11      with a codefendant as to whom the time for trial has not run and no
12      motion for severance has been granted.

13

14      It is well established that an exclusion from the Speedy Trial clock for one

15  defendant applies to all codefendants. *United States v. Messer*, 197 F.3d 330, 336

16  (9th Cir. 1999). In order to attribute a codefendant's excludable delay under

17  § 3161(h)(7) to a defendant, the delay must meet the reasonableness requirement of

18  § 3161(h)(6). *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010). In

19  determining whether the delay is reasonable, courts look to the "totality of the

20  circumstances," including whether the delay is necessary to achieve its purpose,

21  whether there is any actual prejudice suffered by the defendant, whether the delay

22  is so egregious as to call into question its reasonableness, whether the defendant

23  failed to move to sever her case or assert speedy trial rights, whether the defendant

24  is free on bond during the delay, or whether the delay is necessary to preserve the

25  possibility of a joint trial. *Messer*, 197 F.3d at 367.

26      Here, Defendant is not arguing that her case is not properly joined with her

27  co-Defendant. Nor has she argued or shown that she would be prejudiced by

28  continuing her trial to July. She has not asked that her case be severed.

**ORDER CONTINUING PRETRIAL CONFERENCE
AND TRIAL DATES ~ 2**

1 | Consequently, the Court finds that moving the trial from April 27, 2020 to July 19,
2 | 2020 is reasonable.
3 |        Moreover, given the outbreak of the COVID-19 virus, rescheduling
4 | Defendant's pretrial hearing and trial date from April is necessary to minimize the
5 | undue risk to Defendant, counsel, law enforcement, Court staff, and the public at
6 | large. The Court also finds current public health advisories reduce the Court's
7 | ability to obtain an adequate spectrum of jurors and curtails the availability of
8 | counsel and Court staff to be present in the courtroom for an April 29, 2020 trial
9 | date.
10 |        Accordingly, **IT IS HEREBY ORDERED:**
11 |        1.     The current trial date of April 27, 2020, is **STRICKEN** and **RESET**
12 | to **July 13, 2020**, at 9:00 a.m., commencing with a **final** pretrial conference at **8:30**
13 | **a.m.** All hearings shall take place in **Richland**, Washington.
14 |        2.     The pretrial conference currently set for April 15, 2020, is **continued**
15 | to **June 17, 2020**, at **10:30 a.m.**, in **Yakima**, Washington. Counsel shall advise the
16 | Court regarding any dispositive change in the status of this case **at least 5 days**
17 | **prior to the pre-trial conference**. Any motion to continue the pre-trial conference
18 | or trial shall be filed at the earliest practicable opportunity, but no later than **seven**
19 | **(7) days prior to said proceeding**. Movant shall provide (1) specific and detailed
20 | reasons for the continuance to permit the Court to make the necessary findings; (2)
21 | if applicable, the Defendant's signed Speedy Trial Waiver; (3) the position of
22 | opposing counsel; and (4) the proposed new date. Continuances are not granted
23 | absent good cause.
24 |        3.     All pretrial motions shall be filed on or before **May 27, 2020**.
25 |        4.     Pursuant to 18 U.S.C. § 3161(h)(6),(7)(A), the time between April 27,
26 | 2020, the current trial date, until July 13, 2020, the new trial date, is DECLARED
27 | EXCLUDABLE for purposes of computing time under the Speedy Trial Act. The
28 | Court finds that the ends of justice served by such a continuance outweigh the

**ORDER CONTINUING PRETRIAL CONFERENCE**
**AND TRIAL DATES ~ 3**

1  public's and Defendant's interest in a speedy trial.

2      5.      Trial briefs, proposed voir dire, jury instructions, verdict forms,

3  exhibit lists, expert witness lists, and summaries of expert testimony shall be filed

4  and served by all parties on or before **July 6, 2020**. This does not modify the

5  parties' discovery obligations under Fed. R. Crim. P. 16. Absent an agreement

6  between the parties or an Order from the Court, the parties' Fed. R. Crim. P. 16

7  discovery deadlines shall be governed by Local Criminal Rule 16.

8      **IT IS SO ORDERED.** The District Court Executive is hereby directed to

9  enter this Order and furnish copies to counsel.

10     **DATED** this 25th day of March 2020.

11

12

13

14



15

16                        Stanley A. Bastian

17                        United States District Judge

18

19

20

21

22

23

24

25

26

27

28

**ORDER CONTINUING PRETRIAL CONFERENCE**
**AND TRIAL DATES ~ 4**