FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANGELICA VIVIANA SANCHEZ,<br><br>Defendant. | No. 4:20-CR-06002-SAB-2<br><br>ORDER FOLLOWING ARRAIGNMENT ON SUPERSEDING INDICTMENT AND DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING<br><br>**ECF Nos. 86, 87** |

On Tuesday, April 14, 2020, Defendant was arraigned on the Superseding Indictment (ECF No. 54). With her consent, Defendant appeared by video from the Benton County Jail represented by court-appointed counsel Douglas McKinley and assisted by federal court-certified interpreter Cristina Perez-Lopez. Assistant United States Attorney Stephanie Van Marter represented the United States.

Defendant was advised of, and acknowledged the charges against her and the penalties she faces.

Defendant was advised of, and acknowledged Defendant's rights.

Defendant pled not guilty.

ORDER - 1

1    The Court appointed counsel to represent Defendant (ECF No. 38) and
2 ordered Defendant detained (ECF No. 49) in previous orders.
3    Defendant now moves this Court to reopen the detention hearing and
4 consider conditions of release based on changed circumstances relating to the
5 current public health crisis caused by COVID-19, including the new guidance for
6 United States Attorneys regarding pre-trial detention during the pandemic, the
7 closure of the United States-Mexico border to all non-essential travel, and the
8 particular risks of contracting and spreading the virus for those in custody (ECF
9 No. 86).  The United States opposes the motion (ECF No. 92).  The Court
10 reopened the detention hearing to consider Defendant's additional proffers and
11 arguments of counsel.  18 U.S.C. § 3142(f)
12    The Court considered the parties' briefing (ECF Nos. 86, 92-93), arguments
13 and proffers, the Court's prior detention order (ECF No. 49), and the pretrial
14 services report (ECF No. 45), and evaluated the four factors outlined in 18 U.S.C.
15 § 3142(g) to decide whether there were conditions of release that would reasonably
16 assure Defendant's appearance in court and the safety of the community: (1) the
17 nature and circumstances of the offense; (2) the weight of evidence against
18 Defendant; (3) the history and characteristics of Defendant; and (4) the nature and
19 seriousness of the danger Defendant would present to the community if released.
20 Based on the nature of the charges, there is a presumption of detention in this case.

1  Despite the changed circumstances, the Court finds that these factors, as set forth
2  orally by the Court, weigh in favor of Defendant's continued detention pending
3  trial.
4        Defendant is charged with conspiracy and possession with intent to
5  distribute methamphetamine and fentanyl.  The Court incorporates in relevant part
6  the allegations proffered at the initial detention hearing.  The United States
7  proffered that on December 17, 2019,  Defendant's codefendant/boyfriend was
8  subject to a traffic stop while driving a vehicle registered to Defendant; that a
9  search of the vehicle revealed narcotics, cash, a drug ledger listing customers and
10 debts in excess of $10,000, and three firearms, two of which were determined to be
11 stolen; and that Defendant's codefendant/boyfriend was subsequently arrested.  It
12 was further proffered that, after her codefendant/boyfriend's arrest, Defendant
13 continued to collect drug debts and sell narcotics in efforts to raise funds to pay his
14 bail and to fund flight.  It was proffered that, on December 18, 2019, law
15 enforcement executed a search warrant at Defendant and codefendant/boyfriend's
16 motel room, which revealed methamphetamine, heroin, fentanyl pills, two
17 firearms, three pistol magazines and ammunition, and other indicia of drug-
18 trafficking.  The allegations against Defendant are serious and the combination of
19 firearms and controlled substances is indicative of potential danger to the
20 community if Defendant were to be released.  Moreover, the allegation that

Defendant was continuing to sell drugs and collect debts following her codefendant/boyfriends' arrest suggests that she would not be deterred from criminal activity by court-ordered conditions and, along with her lack of legal status and the adverse immigration consequences she would face if she were to be convicted of the charges, is indicative of a risk of nonappearance.

The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. Based on the United States' proffer, which included evidence seized as the result of a search warrant and Defendant's *post-Miranda* admissions, the case has sufficient weight to give the Court concern as to dangerousness and risk of nonappearance.

Turning to her history and characteristics, Defendant is 27 years old, was born in Michoacán, Mexico, and is a Mexican citizen. She was brought to the United States when she was ten years old and has continuously resided in this District and/or the Portland area for ten years. Her parents, brother, five-year-old daughter, and two sisters reside in this District; she has one sister residing in New Jersey. She has distant relatives in Mexico, with whom she has limited contact. She has done some seasonal work but has been unemployed since November 2019.

Defendant has limited criminal history but failed to appear six[1] times for state court matters between September 2019 and December 2019.  The Court has significant concerns that Defendant will not appear at court proceedings due to her lack of status in the United States, the immigration consequences that were to flow if a conviction were to result, and her recent history of failing to appear.

      Defendant proposes residing at her parents' home in Outlook, Washington. She argues that the current public health crisis, and the particular risks the virus poses to those in custody weigh in favor of her release at this time.  The United States emphasizes there are currently no reported cases of COVID-19 at the Benton County Jail where Defendant is housed; that the jail is taking precautions to minimize the risks of COVID-19 being introduced to the jail or spread throughout the jail; and that Defendant has not identified any underlying health condition rendering her particularly vulnerable.  Along with the factors the Court is obligated to consider under the Bail Reform Act, the Court considers the risks of contracting and transmitting COVID-19 in its analysis.  Given Defendant's recent history of failing to appear, lack of legal status in the United States, and the seriousness of the

---

[1] There are two additional failures to appear in February 2020, ECF No. 45 at 5, which appear to have occurred while she was in federal custody.  The Court has not counted those.

ORDER - 5

allegations against Defendant, which include continued criminal activity despite law enforcement intervention and the presence of firearms and narcotics, the Court finds that the presumption of detention has not been rebutted and that continued detention is warranted.  The Court instructed the parties that it would reconsider the issue of detention if Defendant presented a release plan including a significant financial bond co-signed by an individual with legal status in the United States.

Accordingly; **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Expedite (**ECF No. 87**) is **GRANTED**.

2. Defendant's Motion to Reopen Detention Hearing (**ECF No. 86**) is **DENIED**.  Defendant shall remain held in detention pending disposition of this case or until further order of the court.

3. If Defendant seeks review of this Order pursuant to 18 U.S.C. § 3145(b), attorney for Defendant shall file a written motion for revocation or amendment of this Order within ten (10) days before the district judge to whom this case is assigned and note it for hearing at the earliest possible date.  Both parties are responsible to ensure the motion is determined promptly.

4. Defendant is bound over to Judge Bastian for future proceedings.

//

//

//

5.  The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case.

http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

DATED this April 17, 2020.

s/<i>Mary K. Dimke</i><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE

ORDER - 7